_____

No. 95-2896
_____

Thein Well Company, a Minnesota      *
corporation; Northern States         *
Pump and Supply, a division of       *
Thein Well Company,                  *
                                     *
          Appellants,                *
                                     *  Appeal from the United States
     v.                              *  District Court for the District
                                     *  of Minnesota.
Dresser Pump, a division of          *
Dresser Industries, Inc., a          *       [TO BE UNPUBLISHED]
Delaware corporation,                *
                                     *
          Appellee.                  *

_____

                    Submitted:  May 17, 1996

                        Filed:  May 30, 1996
                    _____

Before MAGILL, ROSS, and MURPHY, Circuit Judges.

                    _____

PER CURIAM.

     In this breach of contract action, the district court[1] ruled that the four-year statute of limitations had expired before Thein Well Company filed its claim.

     Thein Well Company bought two pumps from Dresser Pump for a pump station in Virginia, Minnesota.  The pumps were delivered in December of 1989, although they were damaged upon delivery.

_____

     [1]The Honorable Michael J. Davis, United States District Judge for the District of Minnesota.

Dresser repaired the pumps in July of 1990, at which time they were installed. In June of 1994, Thein brought an action against Dresser asserting, inter alia, breach of contract.[2]

The district court granted summary judgment in favor of Dresser, finding that the purchase transaction fell under the Uniform Commercial Code and that the four-year statute of limitations had expired before Thein filed the breach of contract claim. The court found that in the absence of a specific guaranty or warranty, the statute of limitations began to run upon the date of delivery, not the date of installation.

We have reviewed the record and conclude that the district court's decision was correct and that an extended discussion is not warranted. We affirm. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[2]Thein also raised claims for negligence and unjust enrichment, although these claims have not been appealed.